IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT EARL THOMPSON                                              PLAINTIFF

vs.                                 Civil No. 1:11-cv-01062

MICHAEL J. ASTRUE                                                DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Robert Earl Thompson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation.  In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

1.    **Background:**

Plaintiff protectively filed his application on October 23, 2009.  (Tr. 10, 108-109).  In his application, Plaintiff alleges he is disabled due to a deteriorating disc in his back. (Tr. 125). Plaintiff alleges an onset date of September 9, 2008.  (Tr. 10, 108-109).  This application was denied initially and again on reconsideration.  (Tr. 48-49).

Thereafter, on June 18, 2010, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 59-101).  An administrative hearing was held on December

16, 2010 in Little Rock, Arkansas. (Tr. 22-47). At the administrative hearing, Plaintiff was present and was represented by Todd Cockrill. *Id.* Plaintiff and Vocational Expert ("VE") Matt Welch testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 24). Plaintiff also testified at the administrative hearing in this matter that he completed the eleventh grade in high school. (Tr. 25).

On February 3, 2011, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 10-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 9, 2008, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back pain and hypertension. (Tr. 12, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 12-15, Finding 5). In making this evaluation, the ALJ first considered Plaintiff's subjective complaints and found they were not credible to extent he alleged. *Id.* Second, the ALJ found Plaintiff retained the capacity for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) except he experiences mild to moderate pain.

*Id.* "Sedentary work" is defined as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

Next, the ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 22-47). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a machinist (light, unskilled). (Tr. 15, Finding 6). Considering his RFC, the ALJ found Plaintiff did not retain the capacity to perform his PRW. (Tr. 15, Finding 6).

The ALJ also evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 15-16, Finding 10). The VE also testified at the administrative hearing regarding this issue. (Tr. 16). Specifically, he testified that, given all the relevant factors, a hypothetical person with Plaintiff's limitations would be able to perform the requirements of the representative occupation of a production inspector (unskilled, sedentary) with 3,000 such jobs in the state, 73,000 such jobs in the region, and 340,000 such jobs in the nation. (Tr. 16). Because Plaintiff retained the capacity to perform this other work which exists in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 9, 2008 through the date of his decision or through February 3, 2011. (Tr. 16, Finding 11).

On February 23, 2011, Plaintiff requested the Appeal Council's review of the ALJ's unfavorable decision. (Tr. 4). On September 8, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On October 20, 2011, Plaintiff filed the present appeal. ECF No.

1.  Both Parties have filed appeal briefs.  ECF Nos. 8-9.  This case is now ready for decision.

**2.**     **Applicable Law:**

    In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

    It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See*

4

42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 4-12. Specifically, Plaintiff claims the ALJ improperly relied upon the RFC assessment of Dr. Carlton Newsome, M.D. in deciding to discount his subjective complaints. *Id.* In response, Defendant argues the ALJ properly discounted his subjective complaints. ECF No. 9 at 4-7. Defendant argues the ALJ did not discount his subjective complaints based solely upon the findings of Dr. Newsome, a one-time examining physician. *Id.* Instead, Defendant argues the ALJ provided several valid reasons for discounting Plaintiff's subjective complaints, and those reasons are supported by the record. *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a

Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v.*

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ complied with the requirements of *Polaski* and properly

considered the evidence in the record in assessing Plaintiff's credibility. As an initial matter, the ALJ

did not rely solely upon the findings of consultative examiner Dr. Newsome in discrediting Plaintiff's

subjective allegations. (Tr. 12-15). Instead, the ALJ discounted Plaintiff's subjective complaints

based upon several different valid findings: (1) there was no evidence any health care provider had

restricted Plaintiff from all work activity; (2) Plaintiff reported on January 6, 2010 at the Mainline

Clinic that he only had a three-month history of back pain; (3) Plaintiff utilized a cane at the hearing

to ambulate but there was no evidence any health care provider had prescribed a cane; (4) Plaintiff

had an MRI in 2002 that revealed a herniated disc at the L5-S1 levels, but he returned to work for a

number of years; and (5) Plaintiff claimed he was unable to read, but he was able to complete the

Function and Pain Reports included in the record. (Tr. 15).

Further, there is only one record which Plaintiff claims contradicts Dr. Newsome's findings

and the ALJ's RFC determination. ECF No. 8 at 5-6. This record states that on December 20, 2010,

Plaintiff presented to Ashley County Medical Center complaining of an unspecified backache, and

a lumbar spine CT without contrast was taken. (Tr. 267-268). That CT scan revealed, "Minimal left

paracentral posterior disk bulging at L5/S1. A small herniated disk cannot be ruled out. Clinical

correlation is recommended. If indicated, we would suggest MRI for further evaluation." (Tr. 267).

Plaintiff argues the findings from this CT scan support his subjective complaints. ECF No. 8 at 5-6.

While the results from this CT scan do support Plaintiff's claim that he may have a back

impairment, those results do not establish his back pain is of the intensity and severity that he has

7

alleged.  Indeed, this CT scan report states an MRI may be necessary, but there is no indication in the record that Plaintiff sought to have an MRI taken.[2]  Plaintiff's failure to seek such follow-up testing is inconsistent with his claim of disabling pain.  *See Casey v. Astrue,* 503 F.3d 687, 693 (8th Cir. 2007) (holding a failure to seek treatment is inconsistent with an allegation of disabling pain).

Asa final point, it is also important to note that Plaintiff claims his back impairment is so severe that it requires surgery, but he never had surgery performed on his back.  (Tr. 39-40).  Plaintiff claims he has been unable to undergo surgery because of his financial constraints.  *Id.*  Despite this claim, however, such a bare allegation that he was unable to afford surgery does not excuse his failure to have this surgery performed.  *See Beard v. Astrue,* No. 11-3371, 2012 WL 2685169, at *1 (8th Cir. July 9, 2012) (unpublished).  Instead, for his failure to be excused, Plaintiff should have demonstrated he sought free or low-cost medical treatment or was denied this surgery because of an inability to pay for it.  *See Osborne v. Barnhart,* 316 F.3d 809, 812 (8th Cir. 2003).  Based upon this review, this Court finds these facts provide substantial evidence for the ALJ's credibility determination.  Further, this Court also finds the CT scan results from December 20, 2010 do not alone establish Plaintiff's back pain was of the severity that he has alleged.

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

---

[2] The ALJ even held the record open for a couple of months after the administrative hearing to allow Plaintiff to submit additional medical records, but there is still no indication Plaintiff sought or obtained an MRI. (Tr. 40).

reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 1st day of October 2012.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE